UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19mj03723 BECERRA

UNITED STATES OF AMERICA

v.

VICTOR MAKSIMOV

    Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013?  _____ Yes   __X__ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014?  _____ Yes   __X__ No

                                                Respectfully submitted,

                                                ARIANA FAJARDO ORSHAN
                                                UNITED STATES ATTORNEY

By: _____
       BROOKE LATTA
       Assistant United States Attorney
       Fla. Bar No. 105315
       99 Northeast 4th Street
       Miami, FL. 33132-2111
       Tel: (305) 961-9050
       Fax: (305) 536-4699
       Brooke.Latta@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America <br> v. <br> **VICTOR MAKSIMOV** <br> <br> *Defendant(s)* | ) ) ) ) ) ) ) <br> Case No. 1:19mj03723 BECERRA |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 27, 2019__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 113(a)(5) | Assault Within Special Aircraft Jurisdiction |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Jose A. Ruiz, Federal Air Marshal Service
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10·28·19

_____
*Judge's signature*

City and state: Miami, Florida

Jacqueline Becerra, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Jose A. Ruiz, being duly sworn, state the following as true and accurate to the best of my knowledge and belief:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Senior Federal Air Marshal with the Federal Air Marshal Service assigned to the Federal Bureau of Investigation's (FBI) Joint Terrorism Task Force as a Task Force Officer. I am presently assigned to the Miami International Airport offsite of the FBI, where as a law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, I am empowered by law to conduct investigations of and make arrests for offenses enumerated in Title 18 of the United States Code.

2. I respectfully submit that there is probable cause to believe that **Victor Maksimov ("MAKSIMOV")** did commit the crime of Assault Within Special Aircraft Jurisdiction, in violation of 18 U.S.C. § 113(a)(5).

3. The facts set forth in this affidavit are based on my personal knowledge as well as documents provided to me in my official capacity, information obtained from other individuals, including officers and witnesses; my review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience. The information contained in this affidavit is true and correct, to the best of my knowledge and belief. Because this affidavit is solely for the purpose of establishing probable cause, it does not contain all of the information known about this investigation.

1

## **PROBABLE CAUSE**

4. On or about October 27, 2019, Frontier Airlines flight number 614, a civil aircraft of the United States, bearing passenger MAKSIMOV, departed Denver's International Airport, in Denver, Colorado, bound for Miami, Florida. MAKSIMOV was seated in middle seat 18E, and his minor son was seated in window seat 18F. Next to MAKSMOV was C.V.A.F., who was seated in aisle seat 18D.

5. C.V.A.F. was seated when she was greeted by MAKSIMOV. They shook hands and MAKSIMOV initiated conversation. MAKSIMOV asked C.V.A.F. where she was from to which she stated, Venezuela. MAKSIMOV also offered C.V.A.F. a mini bottle of vodka, sometime after the flight's departure, which she declined.

6. During the flight, C.V.A.F. closed her eyes to try to fall asleep. She shifted her body to the side, facing towards the aisle. She then felt MAKSIMOV touch her in the hamstring and buttock area but initially thought the contact was inadvertent. She shifted her position slightly and proceeded to attempt to sleep. Soon after, C.V.A.F. felt MAKSIMOV's weight on her. She assumed he had fallen asleep and had inadvertently shifted his weight onto her. She shifted once again and MAKSIMOV moved away from her. Approximately five minutes later, MAKSIMOV committed another unwanted touching, this time by reaching over her body, as her back was turned towards him, and touching the inside of C.V.A.F.'s upper-thigh. C.F.A.V. was awake at this time. C.F.A.V. immediately looked over to MAKSIMOV who was awake, staring straight ahead. C.F.A.V. got up from her seat and proceeded to go to the rear of the plane where she notified a Frontier Airlines flight attendant of what had just transpired.

7. C.V.A.F. was given a new seat at the back of the plane. A second Frontier Airlines flight attendant spoke to C.V.A.F. about the incident. The second Frontier Airlines flight attendant indicated C.V.A.F. became emotional and began to cry.

8. Once the flight successfully landed, the two Frontier Airlines flight attendants were interviewed, as was C.V.A.F. When I spoke with C.V.A.F. she was crying and still visibly shaken. Her statement was consistent with the statements of the flight attendants.

9. MAKSIMOV was apprehended. He advised that he was asleep the entire flight and never touched C.V.A.F. MAKSIMOV, however, did admit to drinking four mini bottles of vodka, and it was learned that he was served a beer during the flight. A search of his backpack, subsequent to his arrest, revealed mini bottles of vodka.

## **CONCLUSION**

10.  Based on the foregoing facts, I respectfully submit that there is probable cause to believe that on or about October 27, 2019, MAKSIMOV committed the crime of Assault Within Special Aircraft Jurisdiction, in violation of 18 U.S.C. § 113(a)(5).

FURTHER AFFIANT SAYETH NAUGHT.

_____
JOSE A. RUIZ
FEDERAL AIR MASHAL SERVICE

Subscribed and sworn to before
me this the 28 day of October, 2019.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE

4